IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAIT PARTNERSHIP, L.P., <br> as the Collateral Manager and Special <br> Servicer for RAIT CRE CDO I, Ltd. | : <br> : <br> : | |
| Plaintiff, | : <br> : | |
| v. | : <br> : | C. A. No. 09-28-GMS/MPT |
| FIELDSTONE LESTER SHEAR & <br> DENBERG, LLP, and <br> MICHAEL DENBERG, ESQ. | : <br> : <br> : <br> : | |
| Defendants. | : <br> : | |
| and | : <br> : | |
| LAWYERS TITLE INSURANCE <br> CORPORATION, | : <br> : <br> : | |
| Defendant/ Third Party <br> Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | |
| CHARLES A. BRAY and <br> JOSEPH G. GILLESPIE | : <br> : <br> : | |
| Third Party Defendants. | : | |

**REPORT and RECOMMENDATION**

**Procedural Background**

The complaint in the present matter was filed on January 12, 2009, by plaintiff, RAIT Partnership, L.P. ("RAIT"), against Fieldstone Lester Shear & Denberg, LLP ("Fieldstone"), Michael Denberg, Esq. ("Denburg"), and Lawyers Title Insurance Corporation ("Lawyers Title") asserting breach of contract and negligence for failing to

file a UCC financial statement (the "UCC Statement") with the Delaware Secretary of State. The complaint also includes a count of negligent misrepresentation against Fieldstone and Denberg (collectively the "cross-defendants"). Cross-defendants have filed a motion asserting that the United States District Court for the District of Delaware is not a proper venue and seek dismissal or a transfer to the Southern District of Florida. Cross-defendants' motion is not currently under consideration.[1]

On April 20, 2009, Lawyers Title filed its answer to RAIT's complaint which included cross-claims for contribution, indemnification, and contractual indemnification against cross-defendants and a third-party complaint for breach of contract, indemnification, and contribution against Charles A. Bray and Joseph G. Gillespie (collectively the "third-party defendants"). Both third-party defendants filed answers to the third-party complaint. Cross-defendants also filed a motion to dismiss the cross-claims or, in the alternative, transfer to the Southern District of Florida and a motion to dismiss the claim of contractual indemnification against Denberg. Again, cross-defendants' motion is not currently under consideration.[2]

The motion presently under consideration is Lawyers Title's motion for leave to file an amended answer ("Lawyers Title's motion"), which was filed on June 1, 2009. RAIT's opposition brief was filed on June 18, 2009. On June 30, 2009, Lawyers Title filed its reply. Neither the cross-defendants nor the third-party defendants have responded to Lawyers Title's motion.

---

[1] That motion will be addressed in a subsequent report and recommendation.
[2] Similarly, that motion will also be discussed in a subsequent report and recommendation.

**Factual Background**[3]

In 2005, RAIT loaned thirty million dollars to Bray & Gillespie Delaware I, L.P. and Bray & Gillespie Delaware III, L.P. (collectively the "borrowers"), for construction on beach front properties in Florida. The borrowers executed a thirty million dollar note in RAIT's favor in exchange for the loan. The loan was insured by Lawyers Title against any liens, such as the mechanic's lien held by Belfor USA Group, Inc. (the "Belfor Lien"). The third-party defendants, in their individual capacities, executed an indemnity agreement with Lawyers Title. Bray is the sole general partner of both borrowers. Gillespie is a member of both borrowers. Borrowers attached their tangible and intangible personal property as security. Subsequently, a judgment on the Belfor Lien caused foreclosure on the reality.

Fieldstone is a law firm in which Denberg was a partner. Denberg served as counsel for the borrowers in connection with the loan. The cross-defendants also acted as agents for Lawyers Title in issuing the lender's title insurance policy. Lawyers Title entered into an indemnity agreement with the cross-defendants for their service as agents of Lawyers Title.

After closing the loan, RAIT, through a series of assignments and related agreements with its subsidiaries, discovered that the cross-defendants did not correctly file the UCC Statement with the Delaware Secretary of State as the cross-defendants agreed that they would and represented that they had. On September 12, 2008, the borrowers commenced bankruptcy proceedings, while still owing RAIT over thirty million

---

[3] All facts referenced herein are found in the complaint and the parties' briefs.

dollars on the loan.

**Legal Standard**

The court ordinarily considers motions to amend the pleadings under Fed. R. Civ. P. 15(a) which provides that "leave shall be freely given when justice so requires." Although the determination of whether to grant or deny a motion to amend is within the discretion of the court, under *Foman v. Davis*,[4] the Supreme Court has instructed that leave to amend should be freely granted "in the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."[5]

Generally, "[d]elay alone is not sufficient to justify denial of leave to amend."[6] The more dispositive factor in determining whether leave should be granted is prejudice to the non-moving party.[7] In proving prejudice, the non-moving party "must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'"[8] Moreover, in assessing the futility of a proposed amendment, the same standard of legal sufficiency as under Fed. R. Civ. P. 12(b)(6) is

---

[4] 371 U.S. 178 (1962).
[5] *Foman*, 371 U.S. at 182.  See also *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).
[6] *Arthur*, 434 F.3d at 204 (wherein the Third Circuit noted that "only one appellate court . . . has approved . . . denial of leave to amend based on a delay of less than one year."
[7] *Id.*
[8] *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citing *Heyl & Patterson Intern., Inc. v. F. D. Rich Housing of Virgin Islands*, 663 F.2d 419, 426 (3d Cir. 1981)); *see Kiser v. Gen. Elec. Co.*, 831 F.2d 423, 427-28 (3d Cir. 1987).

applied.[9]  An amendment is futile when it fails to state a claim upon which relief may be granted.[10]  The analysis is the same as under Rule 12(b)(6) in that all factual allegations and all reasonable inferences therefrom are accepted as true.  Under Rule 12(b)(6), the court does not and cannot weigh the facts, nor determine whether a party will ultimately prevail.[11]  "Only where it is clear to the court . . . that a claim has no possibility of succeeding on the merits, will the court disallow it by denying leave to amend."[12]

**Parties' Positions**

Lawyers Title moves to correct an inadvertent mistake in its original answer which was discovered after the initial filing.  Initially, Lawyers Title admitted that "[a]s agents for Lawyers Title, [Fieldstone], and specifically Denberg, also served as excrow/closing agent for the Loan."  Lawyers Title now seeks to amend its answer by denying that the cross-defendants were its agents serving as the escrow/closing agent for the loan.  Lawyers Title asserts that allowing the amendment will not prejudice any party.  It points out that the only discovery to date was for production of documents; that the cross-defendants have undecided motions to dismiss or to transfer the matter before the court; and that allowing the amendment will not alter its initial disclosures.  Lawyers Title further contends that, for the above reasons and because the error was inadvertent as demonstrated by the inconsistency between the contested answer and

---

[9] *See Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[10] *See In re Merck & Co., Inc.*, 493 F.3d 393, 400 (3d. Cir. 2007).

[11] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled for other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

[12] *Agere Systems Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736 (D. Del. 2002).

its initial denials, the motion is proper under Rule 15(a).

RAIT opposes the motion on the grounds that Lawyers Title has not proffered any evidence that the contested mistake was inadvertent; that the original answer is consistent with the exhibits which accompanied the answer; and that allowing the amendment would prejudice RAIT.

**Analysis**

RAIT has not overcome the weight of *Foman*. Beyond merely asserting potential prejudice, it has not shown undue prejudice by the allowance of the proposed amendment. The motion was timely filed. No evidence suggests that the proposed amendment would be futile, or that there is any bad faith or dilatory motive. Moreover, the proposed amendment is the first attempt to correct a mistake. RAIT's bald suggestion that the Lawyers Title's mistake was not inadvertent, is inadequate to bar the amendment. The Third Circuit clearly enunciated in *Bechtel* that the non-moving party must show, rather than just claim, that it would be prejudice by the proposed amendment.[13] Here, RAIT has not shown that it was "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely."[14] Further, no scheduling order has been entered in this case and only limited discovery has occurred to date. Under the guiding principle that leave shall be freely given, Lawyers Title's motion should be granted.

**ORDER AND RECOMMENDED DISPOSITION**

For the reasons contained herein, I recommend that:

---

[13] *Foman*, 371 U.S. at 182.
[14] *Bechtel*, 886 F.2d at 652.

(1) Defendants Lawyers Title's motion for leave to file an amended answer (D.I. 43) be GRANTED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.Del.LR 72.1.  The parties may serve and file specific written objections within ten (10) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b).

The parties are directed to the Court's standing Order in Non-Pro Se matters for Objections Filed under Fed. R. Civ. P. 72, dated April 7, 2008, a copy of which is available on the Court's website, www.ded.uscourts.gov.

October 13, 2009                         /s/ Mary Pat Thynge
                                         UNITED STATES MAGISTRATE JUDGE